IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WOODROW DUNN, JR.,

    Petitioner,

vs.                                                                  No. CV 19-00499 MV/GJF

NENMDF, and
NMDOC,

    Respondents.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the Amended Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner, Woodrow Dunn, Jr. (Doc. 10) ("Petitioner"). The Court will dismiss the Petition as barred by the statute of limitations.

### BACKGROUND

Plaintiff Woodrow Dunn, Jr., is a prisoner incarcerated at the Northeastern New Mexico Detention Facility. (Doc. 10 at 1). Plaintiff is proceeding pro se. On February 24, 2013, Plaintiff shot and killed David Rogers in front of witnesses including Plaintiff's father, Woodrow Dunn Sr. Plaintiff was charged with first degree murder in New Mexico state court, cause no. D-506-CR-2014-00159 ("State Case"). The Court has reviewed the official record in Plaintiff's State Case through the New Mexico Supreme Court's Secured Online Public Access ("SOPA"). The Court takes judicial notice of the official New Mexico court records in the State Case. *United States v. Ahidley,* 486 F.3d 1184, 1192 n. 5 (10th Cir.2007) (holding that the court may take judicial notice of publicly filed records in this court and other courts concerning matters that bear directly upon

1

the disposition of the case at hand); *Shoulders v. Dinwiddie,* 2006 WL 2792671 (W.D. Okla. 2006) (unpublished opinion) (holding that court may take judicial notice of state court records available on the world wide web including docket sheets in district courts); *Stack v. McCotter,* 2003 WL 22422416 (10th Cir.2003) (unpublished opinion) (finding state district court's docket sheet is an official court record subject to judicial notice under Fed. R. Evid. 201).

In the State Case, Plaintiff agreed to plead guilty to Second Degree Murder. (Doc. 43-1 at 5). The Plea and Disposition Agreement expressly stated that "there are no agreements as to sentencing" and noted that the basic sentence that could be imposed for Second Degree Murder was 15 years. (Doc. 43-1 at 5-6). The Agreement reserved the State's right to bring habitual offender charges as provided by law. (Doc. 43-1 at 5-6). Plaintiff was represented by counsel, Public Defender Bryan Collopy, and the Plea and Disposition Agreement was signed by Plaintiff and his counsel and approved by the Court. (Doc. 43-1 at 5-9). Plaintiff was sentenced to 15 years imprisonment with additional one-year enhancements under New Mexico's firearm statute and habitual offender statute. (Doc. 43-1 at 3-4). Two days after sentencing, Plaintiff filed a motion seeking to withdraw his plea on the grounds that the sentence imposed was not in accordance with the agreed recommendations in the Plea and Disposition Agreement. (Doc. 43-1 at 10-11). The Court denied that motion. (Doc. 43-1 at 12-13).

On March 21, 2016, Plaintiff filed a Petition for Writ of Habeas Corpus ("First State Habeas Petition") in the State Case. (Doc. 43-1 at 14). His First State Habeas Petition raised issues of lack of competency and ineffective assistance of counsel. (Doc. 43-1 at 15-17). The state court held an evidentiary hearing and denied Plaintiff's First State Habeas Petition but set aside the enhancement under the habitual offender statute. (Doc. 43-1 at 25-27). An Amended Judgment and Sentence was entered on April 3, 2017. (Doc. 43-1 at 1-2).

On December 5, 2017, Plaintiff filed a "Revized Petition" for a writ of habeas corpus ("Second State Habeas Petition"). (Doc. 43-1 at 28-42). Based on its prior proceedings, on December 20, 2017, the state court found that no fundamental error had occurred, that an adequate record had been developed, and that there had been no intervening change in law or fact since the Court's prior ruling. (Doc. 43-1 at 43). Accordingly, the state court denied the Second State Habeas Petition. (Doc. 43-1 at 43). Plaintiff filed a Notice of Appeal, which was not timely, appealing to the New Mexico Court of Appeals on April 30, 2018. (Doc. 43-1 at 78). The New Mexico Court of Appeals transferred the filing to the New Mexico Supreme Court as a petition for writ of certiorari on July 5, 2018. (Doc. 43-1 at 83). The New Mexico Supreme Court denied the petition on July 23, 2018. (Doc. 43-1 at 84).

Plaintiff instituted this proceeding on May 29, 2019 by submitting a handwritten filing to the Court challenging his state court conviction. (Doc. 1). The Court notified Plaintiff that it intended to recharacterize his filing as a habeas corpus petition under 28 U.S.C. § 2254 and granted Plaintiff the opportunity to withdraw or amend his filing to set forth all of his § 2254 claims. (Doc. 7). In response to the Court's Order, Plaintiff filed his amended Petition ("Instant Petition"). (Doc. 10). Plaintiff's Instant Petition raises three grounds for habeas corpus relief: (1) the state court violated his due process rights by convicting him for knowingly killing a human being when he was delusional and hallucinating at the time of the crime; (2) the state court violated due process when it denied his habeas corpus petition; and (3) his counsel was ineffective. (Doc. 10 at 5, 24, 25).

On March 27, 2020, the Court ordered the Respondents to file a limited answer to Plaintiff's Instant Petition to address the question of whether Plaintiff's claims are barred by the one-year statute of limitations under the Anti-Terrorism and Effective Death Penalty Act

("AEDPA"). (Doc. 31). Respondents filed the limited answer, arguing that Plaintiff's claims are time-barred and attaching pertinent portions of the state court record from Plaintiff's criminal case. (Doc. 43). Plaintiff filed four responses to the Court's Order and to Respondent's limited answer. (Doc. 34, 35, 36, 47). Although often difficult to comprehend, Plaintiff appears to argue that the Court should equitably toll the running of the statute of limitations because he is proceeding based on newly discovered evidence and, after the state court denied habeas corpus relief, the proceedings were beyond his control. (Doc. 47).

Plaintiff has filed a total of 43 unsworn and often unsigned letters, statements, affidavits and notices in support of his § 2254 claims, which he claims are newly discovered evidence. *See* Doc. 3, 4, 5, 6, 12, 13, 14, 15, 18, 19, 21, 23, 24, 25, 26, 29, 30, 32, 33, 37, 38, 39, 40, 41, 42, 44, 45, 46, 48, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64. Many of these appear to be false. For example, in this case Plaintiff has submitted statements and letters by "John Paul" who claims to be a "Federal CO" who investigated Plaintiff's case. (Doc. 39, 40, 54). In other cases filed by Plaintiff,[1] he has submitted statements by John Paul, including: (1) a statement by John Paul claiming that he was present when NENMDF violated Plaintiff's due process rights by the prison law library's refusal to make copies for Plaintiff (*Dunn v. NENMDF*, No. CV 19-00595 KWR/JHR, Doc. 11); (2) a statement by John Paul claiming that he was an eyewitness to the ineffective assistance of Plaintiff's state criminal counsel, Bryan Collopy (*Dunn v. Collopy*, No.

---

[1] Plaintiff has filed four civil rights cases and two habeas corpus cases as original proceedings in this Court. *See Dunn v. Scramblin,* CV 18-441 RB/KRS, *Dunn v. State,* No. CV 18-394 JB/KK, *Dunn v. Collopy,* CV 18-528 JB/SCY, *Dunn v. Collopy,* No. CV 18-900 KG/GBW, *Dunn v. Collopy,* CV 18-1043 KG/JHR, and *Dunn v. NENMDF,* No. CV 19-499 MV/GJF. Plaintiff also filed five civil rights complaints in state court, which were removed to this Court by the Defendants. *See Dunn v. NENMDF,* CV 19-548 KWR/GBW, *Dunn v. NENMDF,* CV 19-595 KWR/JHR, *Dunn v. NENMDF,* CV 19-876 RB/KK, *Dunn v. NENMDF,* CV 19-881 KWR/KRS, and *Dunn v, NENMDF,* CV 19-882 JB/CG.

4

CV 18-00900 KG/GBW, Doc. 53); and (3) a statement by John Paul claiming that he witnessed the GEO Group violate Plaintiff's due process rights when they told Plaintiff that he could not own a church (*Dunn v. NENMDF*, No. CV 19-00836 RB/KK, Doc. 8). The address given for John Paul is the address for the Guadalupe County Correctional Facility, however, there is no inmate listed in the New Mexico Department of Corrections records named "John Paul." (Doc. 39 at 5).[2]

Plaintiff has also filed eight motions, three of which remain pending before the Court. (Doc. 2, 8, 9, 11, 17, 27, 28, 49). The three pending motions include a motion asking the Court to find Plaintiff incompetent (Doc. 27), a motion to withdraw his state court guilty plea (Doc. 28), and a motion to show cause, again addressing the question of timeliness of his § 2254 Petition (Doc. 49).

## STANDARD

Under the AEDPA, a one-year period of limitation applies to an application for "a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court." 28 U.S.C. § 2244(d). Of specific relevance here, that limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Further, the AEDPA makes clear that the one-year statute of limitations period is tolled while "a properly filed application for [s]tate post-conviction" relief is "pending." 28 U.S.C. § 2244(d)(2). Until a state habeas petition "has achieved final resolution through the state's post-conviction procedures, by definition it remains 'pending.' " *Carey v. Saffold*, 536 U.S. 214, 219–20 (2002); *see also Holland v. Florida*, 560 U.S. 631, 635, 638, (2010).

---

[2] The Court also notes the improper use of this Court's Seal on John Paul's witness statement (Doc. 54).

To determine the point at which a petitioner's state habeas proceedings become complete, the Court looks to the state's procedural rules. *See Wade v. Battle*, 379 F.3d 1254, 1260–62 (11th Cir. 2004). The one-year statute of limitations clock begins to run again when the proceedings on the state habeas corpus petition are finally concluded. *Holland*, 560 U.S. at 638 (state habeas corpus proceedings were concluded and statute of limitations clock began to tick when the state supreme court issued its mandate). A § 2254 petition filed after the one-year period has expired is time-barred. 28 U.S.C. § 2244(d). Dismissal of a § 2254 habeas corpus petition on the grounds that it is time-barred properly proceeds under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Aguilera v. Kirkpatrick,* 241 F.3d 1286, 1290 (10th Cir. 2001).

The one-year statute of limitations may be subject to equitable tolling. Equitable tolling is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control. *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000); *Burger v. Scott,* 317 F.3d 1133, 1141 (10th Cir. 2003). Ignorance of the law, ignorance of the limitation period, and inability to obtain legal assistance do not excuse the failure to file within the statutory time period. *See Miller v. Marr*, 141 F.3d 976, 977-78 (10th Cir. 1998); *Sanders v. Mahaffey,* No. 00-6101, 2000 WL 1730893, at *2 (10th Cir. Nov. 22, 2000); *Washington v. United States,* No. 99-3383, 2000 WL 985885, at *2 (10th Cir. July 18, 2000). Dismissal of a habeas corpus petition under 28 U.S.C. § 2254 on the grounds that it is time-barred properly proceeds under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Aguilera v. Kirkpatrick,* 241 F.3d 1286, 1290 (10th Cir. 2001).

## DISCUSSION

Plaintiff's State Case presents complexities for calculating the statute of limitations. His claims challenge his original conviction and, therefore, the statute of limitations would arguably

run from the date that his original Judgment and Sentence became final on May 13, 2015. *See* 28 U.S.C. § 2244(d). The question then arises whether his motion to withdraw his guilty plea constitutes a properly filed proceeding for post-conviction relief that would toll the running of the statute of limitations. 28 U.S.C. § 2244(d)(2). If it did not, then 313 days elapsed before Plaintiff filed his state habeas corpus petition on March 21, 2016, and only 52 days remained of the statutory one-year period. However, it is unnecessary for the Court to resolve the issue of whether his motion to withdraw the plea tolled the running of the statute of limitations because, as set out below, his claims are still time-barred even if the running of the statute was tolled during that time.

The filing of Plaintiff's First State Habeas Petition on March 21, 2016 clearly tolled the statute of limitations. *Carey v. Saffold*, 536 U.S. at 219–20. The statute was tolled until the state court's denial of Plaintiff's First State Habeas Petition on March 28, 2017 or, alternatively, when the state court entered the Amended Judgment and Sentence on April 3, 2017. *Holland*, 560 U.S. at 638. Giving Plaintiff the benefit of the doubt, the statute commenced running again after entry of the April 3, 2017 Amended Judgment and Sentence and was not tolled until Plaintiff filed his Second State Habeas Petition on December 5, 2017. A total of 216 days elapsed between the entry of the Amended Judgment and Sentence and the filing of Plaintiff's Second State Habeas Petition.

Plaintiff's Second State Habeas Petition was denied by the state court on December 20, 2017. A period of 131 days passed between the Courts denial of the Second State Habeas Petition and the filing of Plaintiff's (untimely) Notice of Appeal on April 30, 2018. Because, at the time that Plaintiff filed the Notice of Appeal, a total of 347 days of the one-year limitation period had elapsed, he was left with only 18 days to file his federal habeas corpus petition. Because Plaintiff's Notice of Appeal was untimely, it would not serve to toll the running of the statute of limitations. *Carey v. Saffold*, 536 U.S. at 219–20. However, even if the Notice of Appeal were construed to

toll the limitations period, Plaintiff's federal claims are still barred.  A total of 310 additional days passed between the New Mexico Supreme Court's July 23, 2018 denial of certiorari on Plaintiff's appeal and Plaintiff's filing of his § 2254 Petition in this Court on May 29, 2019.

Similarly, it is unnecessary for the Court to resolve the issue of whether the statute commenced running when the original Judgment and Sentence became final on May 13, 2015 or when the Amended Judgment and Sentence became final on May 3, 2017.  Even using the Amended Judgment and Sentence to commence the statutory period, a total of 188 days passed between May 3, 2017 and the filing of Plaintiff's Second State Habeas Petition on December 5, 2017.  Assuming tolling by the Second State Habeas Petition, there were an additional 131 days between the denial of his Second State Habeas Petition and his Notice of Appeal.  Further, even tolling the statute for the period when his appeal was pending, a total of 310 additional days passed between the New Mexico Supreme Court's denial of certiorari and the filing of Plaintiff's federal § 2254 Petition.

Accordingly, regardless of whether the time is calculated using Plaintiff's Original Judgment and Sentence or his Amended Judgment and Sentence, well in excess of one year had expired by the time that Plaintiff filed his § 2254 Petition in this Court.  Therefore, unless there is a basis for equitable tolling, Plaintiff's claims are barred by the one-year statute of limitations under § 2244(d).

Plaintiff argues that the Court should equitably toll the statute of limitations because he is proceeding based on newly discovered evidence.  (Doc. 47).  However, the record establishes that the legitimate evidence relied on by Plaintiff was raised in his First State Habeas petition and was available from the time of the original State Case.  (Doc. 43-1 at 48, 49, 70, 72).  Plaintiff relies

on statements by his father, Dunn Sr. (Doc. 1 at 3),[3] a hospital emergency room note dated February 15, 2013 (Doc. 1 at 4), and an eyewitness statement by J. Stanes (Doc. 1 at 5).[4] Although Plaintiff claims that this evidence is "newly discovered," the record establishes that his father testified at Plaintiff's state court sentencing, Plaintiff's counsel was aware of eyewitness Stanes at the time of sentencing but chose not to call him as a witness, and the emergency room note existed prior to Plaintiff's sentencing and was raised by witnesses at the sentencing. (Doc. 5 at 3; Doc. 63 at 27).

The additional statements, notices, or other filings that Plaintiff has submitted in this proceeding, including the statements of John Paul, are fabricated and do not constitute newly discovered evidence. For example, in his statements, John Paul claims to be a federal officer who investigated Plaintiff's case and determined that Plaintiff did not knowingly kill the victim. (Doc. 39 at 1; Doc. 40 at 1-2). However, Plaintiff was prosecuted in state court and there is no evidence in the state court record, or in the habeas corpus record, that any federal officers were involved in investigating Plaintiff's shooting of the victim. Further, John Paul's addresses are the addresses for the Guadalupe County Correctional Facility and the Central New Mexico Correctional Facility. (Doc. 39 at 5; Doc. 40 at 10). John Paul also improperly uses this Court's seal on his witness statements, handwritten notations that claim to be notarizations, and altered certifications and notarizations from other documents. (Doc. 54 at 1-4; Doc. 61 at 11).

---

[3] Plaintiff has filed several versions of his father's statement and filed the statements multiple times. The handwriting is different in each of the statements, and the first filings are not sworn or notarized. (Doc. 1 at 3, Doc. 3, Doc. 8 at 5). Later versions of the same statements include this Court's seal, hand-written "notarizations," and certifications apparently taken from other documents, but with altered dates. (See e.g., Doc. 48 at 3, Doc. 55 at 3, Doc. 63 at 10).

[4] Like the statements by Dunn Sr., there are multiple versions of statements by J. Stanes, some unsworn and without notarizations, and later versions of the same statements that now include the federal court seal, handwritten "notarizations" and altered certifications and notarizations. (Doc. 1 at 4, Doc. 4, Doc. 9 at 3, Doc. 51 at 2, Doc. 58 at 3).

Plaintiff also includes an inmate request form asking for an expert opinion from "Mrs. Fluhman" along a hand-written response, purportedly written by Mrs. Fluhman but in handwriting that resembles that of Plaintiff, stating that Plaintiff was incompetent at the time of the charges. (Doc. 55 at 1). The filings do not provide any information as to who Mrs. Fluhman is, what her expert qualifications may be, or the basis for her alleged conclusion that Plaintiff is incompetent. (Doc. 55). The first filings of the inmate request and response also includes this Court's seal, while later filings of the same documents have handwritten "notarizations" by "Michael Shaffer" that do not include any notary seal. (Doc. 55 at 1; Doc. 58 at 2).

Technically, newly discovered evidence does not toll the limitations period but instead supplies a new commencement date for the running of the statute. 28 U.S.C. § 2244(b)(2)(B)(i). The record does not establish the existence of any new evidence that would support a different commencement date for the running of the statute of limitations. 28 U.S.C. § 2244(b)(2)(B)(i). Further, even if newly discovered evidence did serve to toll the running of the statute of limitations, the fabricated statements presented by Plaintiff do not present the type of extraordinary circumstances beyond Plaintiff's control that would support equitable tolling.

Plaintiff also appears to claim that, after the state court denied his Second Habeas Petition, the proceedings were beyond his control. (Doc. 47 at 2). However, Plaintiff does not explain why the proceedings were beyond his control, or what, if any, circumstances prevented him from timely filing his federal § 2254 Petition. Nor does the record disclose any impediment that would have presented an obstacle to filing that was beyond Plaintiff's control. Plaintiff presents a series of informal complaints by him with responses purportedly written by a Lt. Jones, in which Lt. Jones claims that he lost Plaintiff's habeas corpus petition in the prison mailroom in February 2019 and did not find it again until July 2019. (Doc. 60). The informal complaints and responses, however,

were not submitted to this Court until July 2020, and again show indicia of having been fabricated, such as the use of the same notarization that appears on several witness statements but with an altered date.  (Doc. 60, 61).  Neither Plaintiff's filings, nor the state record, establish any extraordinary circumstances that would serve to toll the running of the statute of limitations in this case. *Marsh,* 223 F.3d at 1220; *Burger,* 317 F.3d at 1141.  Further, even if the Lt. Jones responses did provide grounds for equitable tolling, the one-year statute of limitations had already expired before February 2019, when Dunn claims the federal habeas corpus petition was lost.

Plaintiff did not file his § 2254 Petition within the time period allowed by 28 U.S.C. § 2244(d).  Therefore, his claims are barred by the one-year statute of limitations.  The Court thus will dismiss this case under Rule 12(b)(6).  Under Rule 11 of the Rules Governing Section 2254 Cases, the Court also determines that Plaintiff has failed to make a substantial showing of denial of a constitutional right.  The Court thus will deny a certificate of appealability. 28 U.S.C. § 2253(c).  As a result, Plaintiff's pending motions are moot.

**IT IS ORDERED that:**

**(1)** the motion asking the Court to find Plaintiff incompetent (Doc. 27), motion to withdraw his state court guilty plea (Doc. 28), and motion to show cause, again addressing the question of timeliness of his § 2254 Petition (Doc. 49), are **FOUND** as moot;

**(2)** the Amended Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner, Woodrow Dunn, Jr. (Doc. 10) is **DISMISSED** as barred by the statute of limitations, and

**(3)** the Court denies a Certificate of Appealability, and Judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE